(No. 90-CV-0405–)

*In re* APPLICATION OF ROSEANER WILLIAMS

*Order filed May 9, 1990.*

*Opinion filed July 13, 1992.*

ROSEANER WILLIAMS, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

This claim arises out of an incident that occurred on March 10, 1989. Roseaner Williams, mother of the deceased victim, Jimmy Martese Williams, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 21, 1989, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 10, 1989, the victim was shot by an offender who was known to him. The incident occurred in an apartment building at 4823 West Cortez, Chicago, Illinois. Police investigation revealed that the victim began to play Russian Roulette with a loaded handgun in the apartment. When the victim put the gun down, the offender picked it up, not realizing that it was cocked. When the offender began to sit down, the weapon discharged, striking the victim in the head.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim was playing Russian Roulette with a loaded handgun. When the victim placed the gun down, the offender picked it up. The weapon then discharged, striking the victim in the head.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(C) of the Act occurred.

6. That the shooting incident which resulted in the victim's death was an accident, not an intentional act.

7. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on March 10, 1989. Roseaner Williams, mother of the deceased victim, Jimmy Martese Williams, seeks compensation pursuant to the Crime Victims Compensation Act, hereinafter the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

On May 9, 1990, this Court issued an order finding that the victim was playing Russian Roulette and denied the claim. This Court found that the shooting was an accident and that the deceased victim's conduct contributed to his death to such an extent as to warrant a denial. The Claimant requested a review of the May 9 order.

Hearings were held on February 5, 1991, and September 20, 1991. The record was left open to enable the Claimant to document her claim.

No person testified who witnessed the incident. The Claimant testified that three persons were present when the shooting took place. The police report indicates that the offender gave two different versions of what occurred. One version suggested he and the victim were playing Russian Roulette and the second version alleged an unknown assailant. The Claimant was present at the criminal trial in the circuit court when the offender gave a third version, testifying that he was goofing off with a loaded gun and it discharged into the victim's forehead.

The Claimant produced a certified statement of conviction, stating that Marcus Jerome Sims, the offender, was convicted of the offense of reckless conduct. Ill. Rev. Stat. 1989, ch. 38, par. 12—5.

Reckless conduct is a crime of violence as defined by the Act, thereby permitting this victim to seek compensation. The Crime Victims Compensation application states that the Claimant is not seeking compensation for medical expenses, but is only seeking funeral and burial expenses in the sum of $3,900. The Claimant was employed at the time of the incident and had medical insurance. Although there were medical expenses incurred in the approximate sum of $2,400, the Claimant did not submit the bills to her medical insurance carrier. The Claimant stated that she received $5,000 in life insurance proceeds.

On April 30, 1992, the Attorney General filed a funeral director report indicating that the Claimant paid $3,745 to A. A. Rayner & Sons, funeral director.

It is the finding of this Court that the death of the victim, having been caused by the criminal offense of reckless conduct, entitles the Claimant to compensation pursuant to the Act. The Claimant will not be awarded any sum for hospital expenses because she has not exhausted benefits reasonably available from secondary sources as required by section 10.1(g) of the Act. However, the Claimant will be awarded the maximum amount allowable under the Act for funeral and burial expenses, $3,000. It is therefore ordered that the order of May 9, 1990, is withdrawn and that the Claimant be paid $3,000 for funeral and burial expenses.